[No. 34722. Department Two. July 17, 1958.]

*In the Matter of the Application for a Writ of Habeas Corpus of* TRUMAN WILSON McCLINTOCK, *Petitioner,* v. B. J. RHAY, *as Superintendent of the State Penitentiary, Respondent.*[1]

*Truman Wilson McClintock, pro se.*

*The Attorney General* and *Michael R. Alfieri, Assistant,* for respondent.

PER CURIAM.—This is an original application for a writ of *habeas corpus,* prosecuted *in forma pauperis.*

Petitioner was charged, on September 11, 1957, in the superior court for Grant county, with the crime of forgery in the first degree.

Prior to entering his plea, petitioner was informed of his constitutional guarantees, all of which he waived. He thereupon entered a plea of guilty as charged. The court deferred entering its judgment and sentence until a presentence investigation could be furnished. During the period of the investigation, petitioner was confined in the county jail. Before the investigation was completed, petitioner wrote a letter to the prosecuting attorney for Grant county, in which he requested that an attorney be appointed for him. When petitioner was brought before the court for sentencing, he again requested, in open court, that he be furnished counsel, and that he be permitted to change his

[1]Reported in 328 P. (2d) 369.

plea to not guilty. Both requests were denied, and petitioner was then orally sentenced upon his plea of guilty, and a written judgment and sentence were entered in accordance with the oral decision.

The application for a writ raises but one question: Did the trial court err in refusing petitioner's request for the appointment of counsel?

Amendment 10 of the state constitution provides:

"In criminal prosecutions the accused shall have the right to appear and defend in person, *or by counsel*, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to meet the witnesses against him face to face, to have compulsory process to compel the attendance of witnesses in his own behalf, to have a speedy public trial by an impartial jury of the county in which the offense is charged to have been committed and the right to appeal in all cases: . . . In no instance shall any accused person *before final judgment* be compelled to advance money or fees to secure the rights herein guaranteed." (Italics ours.)

■ Under the constitution, a defendant in a criminal proceeding is an *accused person* until formal judgment and sentence have been entered. As such, he is entitled, under amendment 10, to have an attorney appointed at public expense, if he is without funds. The trial court erred in refusing to grant petitioner's request for counsel before judgment and sentence were entered.

The judgment and sentence are vacated. It is ordered that petitioner be returned to the superior court for Grant county, and that he be afforded counsel, as provided by law.